# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MAXIMINO NIEVES, | ) | CASE NO. 4:19-cv-1966 |
| | ) | |
| PETITIONER, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| WARDEN, FCI ELKTON, | ) | |
| | ) | |
| RESPONDENT. | ) | |

This matter is before the Court by transfer from the United States District Court, District of New Jersey, to the Northern District Ohio. Maximino Nieves filed a motion in his criminal case in the District of New Jersey, Criminal Action No. 06-569 ("Criminal Case"), regarding the recalculation of his good-time credits pursuant to the First Step Act. The District of New Jersey construed Nieves' motion as a challenge to the execution of his sentence, rather than the judicially imposed length of his sentence, and determined that such a challenge must be brought as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 rather than as a motion in the Criminal Case. Therefore, the District of New Jersey ordered the criminal motion terminated and refiled as a separate § 2241 habeas petition on a new docket, then transferred it to the Northern District of Ohio, the judicial district within which Nieves is confined. (Doc. No. 2.)

For relief, Nieves seeks interim conditional release and an order directing the BOP to recalculate his good-time credits pursuant to the First Step Act. (Doc. No. 1 at 1, 13.[1])

For the reasons that follow, the petition is dismissed.

---

[1] All page number references are to the page identification numbers generated by the Court's electronic docketing system.

## A. Background

Nieves is a federal prisoner presently incarcerated at FCI Elkton in Lisbon, Ohio. On December 5, 2008, he was sentenced in the Criminal Case to 220 months of imprisonment for conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846; his sentence was later reduced to 188 months of imprisonment. Nieves claims that under the First Step Act, he should receive 110 days of good-time credits in addition to the credits that he has already earned, which would advance his projected release date from May 24, 2021 to February 3, 2021. (*Id*. at 1.)

According to the petition, the Bureau of Prisons ("BOP") has not yet acted to change Nieves' projected release date on the grounds that the First Step Act contains a delayed effective date for implementation of the good-time credit amendment. (*Id*. at 1-2.) Nieves identifies the issue as "whether the delayed effective date in Section 102(b)(2) applies only to the earned time transfer provisions in Section 102(b)(1)(B), or whether it also delays the BOP's implementation of the independent good-time fix in Section 102(b)(1)(A)." Nieves claims that the good-time credit amendment should be effective immediately. (*Id*. at 5.)

In addition, Nieves maintains that he need not exhaust his administrative remedies with the BOP on this issue before seeking relief pursuant to § 2241 because exhaustion is excused where (1) a prisoner faces irreparable harm from delay, (2) there is doubt as to whether the agency is empowered to render relief, or (3) the agency has predetermined the issue rendering exhaustion futile. Nieves contends that all three considerations apply here. (*Id*. at 11-12.)

B. **The First Step Act**

The portions of the First Step Act relevant here have been aptly summarized as follows:

Subparagraph 102(b)(1)(A) of the First Step Act amended 18 U.S.C. § 3624(b) to alter the availability of good-time credit for federal inmates. Specifically, it increased the maximum allowable good-time credit from 47 to 54 days per year, and it directed the BOP to calculate good-time credit from the beginning of the final year of the sentence rather than prorating at the end. First Step Act, Pub. L. No. 115-391, § 102(b)(1)(A), 132 Stat. 5194 (2018).

Separately, Subparagraph 102(b)(1)(B) of the First Step Act developed a system of earned-time transfer credits. Earned-time transfer credits are to be awarded as a benefit of inmates' participation in recidivism-reduction programming. Under Subparagraph 102(b)(1)(B), the BOP can place an "eligible prisoner" in prerelease custody outside of prison, or on supervised release up to 12 months prior to the end of the sentence. *Id.*, § 102(b)(1)(B).

To aid implementation of certain portions of the First Step Act, the Attorney General is directed to create a "risk and needs assessment system," to be completed and released no later than 210 days from the date of the statute's enactment; that is, July 19, 2019. *Id.*, § 101(a); 18 U.S.C. § 3632(a). The risk and needs assessment system is meant to assess inmates' risk of recidivism and develop guidance for managing and reducing that risk.

*Hamm v. Fed. Bureau of Prisons*, No. 1:19CV1110, 2019 WL 2717957, at *1 (N.D. Ohio June 28, 2019).

C. **Analysis**

In *Hamm*, the petitioner argued as Nieves does here that the delayed effective date of § 102(b)(2) should only apply to the earned-time credit transfer in § 102(b)(1)(B), not to the good-time credit amendment in § 102(b)(1)(A). *Id*. at * 2. But the court in *Hamm* determined that petitioner's argument "flatly contradicts the plain text of the statute[,]" and "the good-time recalculation delay does not threaten the constitutional guarantees of equal protection or due process." *Id*. (citing *United States v. Lorenz*, 2019 WL 20802280, at *1 (N.D. Ohio May 13, 2019)). Indeed, courts within the Northern District of Ohio, and in other districts as well, have "roundly rejected" the argument that the good-time credit changes to the FSA are effective

immediately. *See Washington v. Bureau of Prisons*, No. 1:19-CV-01066, 2019 WL 6255786, at *2 (N.D. Ohio July 3, 2019) (collecting cases), *report and recommendation adopted,* No. 1:19CV1066, 2019 WL 6251777 (N.D. Ohio Nov. 22, 2019).

That said, this issue is moot because the risk and needs assessment was issued by the Attorney General on July 19, 2019.[2] Now that the good-time credit amendment to the FSA is effective, Nieves may seek recalculation of his release date and the BOP may award him the credit he seeks. The responsibility for computing sentences and applying appropriate good-time credit lies with the BOP. *See United States v. McGimsey*, No. 3:11-CR-00069-TBR, 2019 WL 2396574, at *2 (W.D. Ky. June 6, 2019) (citations omitted).

Should Nieves disagree with the BOP's response to his request for recalculation, he must exhaust his administrative remedies with the BOP[3] in accordance with its procedures in order to allow prison officials an opportunity to resolve the issue.

> The United States Court of Appeals for the Sixth Circuit … has repeatedly made it clear that a prisoner must fully exhaust his remedies within the BOP before he may seek habeas relief under § 2241. *See, e.g., Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231-33 (6th Cir. 2006). This exhaustion requirement ensures that the agency has an opportunity to review and revise its actions before litigation is commenced. This preserves judicial resources as well as administrative autonomy and also ensures that a court reviewing the agency's final action does so based upon a developed and complete evidentiary record. *See Noriega-Lopez v. Ashcroft*, 335 F. 3d 874, 881 (9th Cir. 2003); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996). In this case, the BOP may ultimately award Rhodes the credit he seeks. Nevertheless, he must first provide prison officials notice of the problem so that they have the opportunity to resolve the matter and potentially avoid litigation.

---

[2] *See* https://nij.ojp.gov/sites/g/files/xyckuh171/files/media/document/the-first-step-act-of-2018-risk-and-needs-assessment-system_1.pdf

[3] In the context of his argument concerning the effective date of the FSA good-time credit amendment Nieves argues that he is not required to exhaust his administrative remedies. (*See* Doc. 1 at 11-12.) That issue is now moot, as well.

*Rhodes v. United States*, No. 0:19-CV-047-HRW, 2019 WL 2273848, at *1 (E.D. Ky. May 28, 2019) (denying § 2241 petition seeking immediate application of FSA good-time credit amendment for failure to exhaust administrative remedies and because the good-time credit provision had not yet taken effect).

To the extent that Nieves requests that the BOP recalculate his release date pursuant to the FSA good-time credit amendment and receives an adverse decision, he may refile a petition for habeas relief pursuant to § 2241 after exhausting his administrative remedies with the BOP.

### D.  Conclusion

For all the foregoing reasons, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and dismissed without prejudice pursuant to 28 U.S.C. § 2243.

Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith; and the Court will not issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. 22(b).

**IT IS SO ORDERED.**


Date:  January 9, 2020

*s/ Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE